ANNE MONROE *vs.* PAUL LAVIMODIERE.

MARCH 28, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

SWEETLAND, C. J.   This is an action of the case for an alleged breach by the defendant of his promise of marriage made with the plaintiff.

The case is before us upon a bill of exceptions stating exceptions taken by the plaintiff to certain rulings of a justice of the Superior Court made before a trial of said cause upon its merits.

It appears from the record certified to us that the case was on the continuous calendar of causes to be tried before a jury in the Superior Court sitting at Woonsocket; that when the case was reached for trial the plaintiff's counsel stated that the plaintiff was not present, was unprepared for trial, and moved that the case be passed.   This motion was denied by the justice.   The plaintiff, through her counsel, then submitted to a nonsuit.   This submission was disregarded by the justice who caused a jury to be impaneled in the cause and then, without receiving testimony for either plaintiff or defendant, directed the jury to return a verdict for the defendant upon the merits of the cause. Whereupon the jury returned a verdict that "the defendant did not promise in manner and form as the plaintiff has in her declaration thereof complained against him."   To all of those rulings and directions of said justice the plaintiff

excepted and is relying upon her exceptions before us. It appears that during these proceedings the plaintiff was not in court, and that her counsel represented her solely in the matters of asking that the case be passed, and in submitting to a nonsuit.

We will first consider the action of the justice in disregarding the plaintiff's submission to a nonsuit. Our statute (Section 4, Chapter 341, Gen. Laws 1923) by implication recognizes the right of a plaintiff in a cause to become nonsuit before "the trial of the same shall have been begun to the court or jury." The case at bar was one for trial to a jury, and not to the court upon jury trial waived. When the plaintiff submitted to a nonsuit, the case which preceded it on the calendar had been concluded, and counsel for plaintiff had requested the justice to pass this case off the calendar. In our opinion solely from those circumstances it can not fairly be said that the trial of this case had been begun to a jury, as no proceedings had been commenced for the impaneling of a jury for its trial.

The subsequent action of the justice in impaneling a jury after the plaintiff had voluntarily become nonsuit, and in directing a verdict for the defendant upon the merits of the cause, although no evidence on either side had been presented, should be treated as nullities. It appears from the record that the justice directed the verdict expressly for the purpose of closing the rights of the plaintiff as alleged in her declaration.

Section 9, Chapter 334, Gen. Laws 1923, provides, among other things, that if an action duly commenced within the time limited shall be avoided "for any matter" the plaintiff may commence a new action for the same cause against the same defendant at any time within one year after the determination of the original suit. The court has given a liberal construction to that remedial statute. In *Pesce v. Mondare*, 30 R. I. 247, it was held that under the provisions of the statute a new action might be commenced within one year after a former suit for the same cause had been termi-

nated by an involuntary nonsuit entered upon motion of a defendant at the conclusion of the plaintiff's testimony. See also *Sullivan* v. *White*, 36 R. I. 488.

The defendant cites in support of the action of the justice the case of *King* v. *Ross*, 21 R. I. 413. The opinion of the court in that case does not support the ruling of the justice. That was a bill in equity seeking to quiet the title of the complainants to certain real estate in Newport alleged to have belonged in his lifetime to one King, deceased. The complainants claimed title as the sole heirs of the decedent. The respondent, a Mrs. Ross, set up the claim that she, and not the complainants, was the sole heir of the deceased. To this claim the complainants averred that the question involved was *res adjudicata* between the parties because of a certain decree entered in the Supreme Court upon appeal from the Probate Court of Newport. Ross admitted the decree but said she was not heard upon the appeal and claimed that for that reason the decree was not binding upon her. In the course of its opinion the court reviewed the proceedings upon the probate appeal at length, and in the course of that review used language which the defendant claims supports the action of the justice in the case at bar. It appeared that the complainants had commenced proceedings in the Probate Court of Newport upon which they had obtained a decree that they were the next of kin of the deceased and that Mrs. Ross was not. From this decree Ross had appealed to the Supreme Court (all the proceedings were before the enactment of the Court and Practice Act of 1905). In the Supreme Court Ross was ordered to file a bill of particulars of her claims, which she failed to do, and later she herself filed a bill for discovery. On September 20, 1897, the Ross probate appeal was called for trial. It appears that Mrs. Ross at the opening of the proceedings asked for a postponement until she should have the discovery which she sought. A hearing was had upon the motion. The court ruled that if Mrs. Ross was in contempt in failing to file a bill of particulars, the court would

not aid her in the bill for discovery. She then moved that the order for a bill of particulars be vacated, after hearing this was denied and Mrs. Ross was adjudged in contempt. Counsel for Mrs. Ross then asked for a postponement until the next morning which was granted. On the next day counsel for Ross moved for leave to discontinue her appeal and the court held that under the statute she should not be permitted to discontinue "as the cause had been regularly called for trial, and the trial had begun, by the hearing of motions for postponement therein made and by a motion to discontinue the appeal." This was a trial to the court and not to a jury. It clearly appears from the opinion that the trial had begun on September 20, 1897, that Mrs. Ross then asked for a postponement until she be given a discovery. Various motions pertinent to the trial were fully heard by the court and disposed of and then Mrs. Ross asked for a postponement of the proceedings until the next day, which motion was granted. It was plainly those two motions for postponement to which the court referred in the opinion. There were other things which the court might well have stated as indicating that a trial to the court had been begun before the motion to discontinue the appeal was made. Although the probate decree had been brought before the Supreme Court by the Ross appeal the complainants remained the moving parties having the affirmative. After the refusal of the court to permit a discontinuance, the complainants again presented their evidence upon which the Supreme Court entered a decree similar to that entered in the probate court.

We overrule the plaintiff's exception to the rulings of the justice denying the plaintiff's motion that the case be passed off the trial calendar. The plaintiff's exception to the subsequent rulings and orders of the justice are sustained. The case is remitted to the Superior Court with direction to enter upon its record, as of January 16, 1929, the plaintiff's submission to a voluntary nonsuit, to vacate the order of the justice directing a verdict for the defendant and to enter a

decision, as of January 16, 1929, for the defendant for costs upon the plaintiff's submission to a nonsuit.

*John R. Higgins*, for plaintiff.

*Alberic A. Archambault, Ovila Lambert*, for defendant.